[Cite as *In re G.P.*, 2015-Ohio-4091.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| G.P. | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| DELINQUENT CHILD | : | |
| | : | |
| | : | Case No. 15-CA-23 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Juvenile Division, Case No.
2014-DEL-00730


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    September 30, 2015


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

LILLIAN R. SHUN                          JOHN S. DILTS
38 South Park Street                     28 South Park Street
Mansfield, OH  44902                     Mansfield, OH  44902

*Farmer, J.*

{¶1}    The Huron County Juvenile Court adjudicated appellee, G.P., delinquent for having committed one count of gross sexual imposition in violation of R.C. 2907.05. On December 1, 2014, finding that appellee was residing with his maternal grandparents in Richland County, the Huron County court transferred the case to the Richland County Juvenile Court for final disposition.

{¶2}    A status conference was held on January 14, 2015 during which appellee's parents acknowledged they were the minor's legal custodians and they resided in Huron County, but appellee was residing with his maternal grandparents in Richland County.

{¶3}    A dispositional hearing was held on March 3, 2015.  By judgment entry filed same date, the trial court accepted the transfer from the Huron County Juvenile Court, and committed appellee to the Ohio Department of Youth Services for an indeterminate period of six months to age 21, suspended in lieu of community control until age 21.  Also on March 3, 2015, the trial court filed a supplemental judgment entry, placing appellee in the temporary custody of his maternal grandmother who resided in Richland County.

{¶4}    Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}    "THE COURT COMMITTED ERROR WHEN IT ACCEPTED TRANSFER OF G.P.'S CASE BECAUSE A JUVENILE CASE MAY ONLY BE TRANSFERRED TO THE COUNTY OF THE CHILD'S RESIDENCE."

I

{¶6} Appellant claims the trial court lacked jurisdiction to determine disposition because appellee's parents are the minor's legal custodians and they reside in Huron County and pursuant to R.C. 2151.06, a minor's residence is presumed to be the residence of his/her parents. We disagree that the trial court lacked jurisdiction.

{¶7} Juv.R. 11 governs transfer to another county. Subsection (A) states the following:

> If the child resides in a county of this state and the proceeding is commenced in a court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceeding as required. The court of the child's residence shall then proceed as if the original complaint had been filed in that court. Transfer may also be made if the residence of the child changes.

{¶8} After finding appellee delinquent for having committed one count of gross sexual imposition in violation of R.C. 2907.05, the Huron County Juvenile Court transferred the case to Richland County, finding the following in its judgment filed December 1, 2014:

Thereupon, the Court found that the minor child herein, [G.P.], is in the custody of maternal grandparents, Mr. and Mrs. Robson, and they reside at 1410 Paradise View Street, Mansfield, Ohio 44905.

It appearing that the child in this case has a legal settlement in the County of Richland, State of Ohio; it is therefore ordered, adjudged and decreed that jurisdiction over said child be transferred to Richland County Juvenile Court.

{¶9} In its judgment entry filed March 3, 2015, the trial court accepted the transfer and proceeded to disposition, ordering the following in part:

The Court places the minor child, [G.P.], in the temporary custody of his grandmother, Kimberly Brown-Robson. Address: 1410 Paradise View Street, Mansfield, Ohio 44905. Phone: 419-631-6838. DOB: 08/21/1960. SSN:XXX-XX-6874. Referral is made to CSEA for support determination.

{¶10} The trial court made this same order in a supplemental judgment entry also filed on March 3, 2015.

{¶11} A pre-disposition report for sex offender assessment was filed on February 20, 2015 prior to the dispositional hearing and included the following under "Child and Family History":

[G.P.] is 14 year old male who is currently residing with his maternal grandmother and step-grandfather, Kimberly and Scott Robson. He went to live there in August '14 through grandparent power of attorney as a result of this offense.***The original plan is to allow [G.] to stay there one year through August '15. He sees his parents usually every weekend, either at his grandparents or occasionally at his own home if his sisters are gone.

{¶12} During the status conference held on January 14, 2015, the following discussion was held (T. at 7-9):

THE COURT: Now, um as to both of you, Richard and Elizabeth, are you together? So you are married, you are together?

ELIZABETH [P.] [MOTHER]: Yes.

THE COURT: And are you the legal custodian of [G.]?

ELIZABETH [P.]: We have custody. My mom has Power of Attorney. He currently resides with my mother.

THE COURT: Okay. So, so of course you folks are the uh parents. So by law you're, you're biological parents?

ELIZABETH [P.]: Uh huh.

THE COURT: So by law you are the legal custodian. So what is it, a grandparent affidavit? How do you have, how do you function? By what authority do you function? It was mentioned Power of - -.

KIMBERLY ROBSON [GRANDMOTHER]: Power of Attorney. Yeah, we came up here to get it so he could go to school, or I could take him to the doctor.

THE COURT: Do you have a copy of that?

KIMBERLY ROBSON: Uh huh. Yes I do.

THE COURT: I would like to see that. Because uh, Richard and Elizabeth, you live in - -?

ELIZABETH [P.]: Willard.

THE COURT: Willard, Huron County.

ELIZABETH [P.]: Uh huh.

THE COURT: But the grandparents here, um - -.

ELIZABETH [P.]: Live in Richland.

***

THE COURT: Mansfield. So parents have uh legal custody by operation of law. And it looks like, do you have other little children in your home?

***

THE COURT: Well I mean, is that why you had the transfer, - -

RICHARD [P.]: Yes.

ELIZABETH [P.]: Yes.

THE COURT: - - to sort of get him away from those kids?

ELIZABETH [P.]: Yes.

THE COURT: And how long have you had [G.]?

KIMBERLY ROBSON: I have had him since the incident in August.

THE COURT: This August.  And is it your hope and desire, all of you, that he will remain with you for the foreseeable future?  Or what is, what is the - -?

ELIZABETH [P.]: When he finishes counseling and gets the green light to come home our hope is that he is going to come home.

THE COURT: Do you have any idea when that may be?

ELIZABETH [P.]: Uh counseling is at least an eighteen month program.

{¶13}  Upon review, we find the trial court did not err in accepting jurisdiction given the undisputed facts in the record.

{¶14}  The sole assignment of error is denied.

{¶15}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By, Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

SGF/sg 925